IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DIONICIO GARZA                                                                                    PLAINTIFF

v.                          Civil No. 5:18-cv-05241

SHERIFF TIM HELDER, Washington
County, Arkansas; DR. KARAS;
NURSE KELLY HINELY; and
CORPORAL T. MULVANEY                                                         DEFENDANTS

## OPINION AND ORDER

Plaintiff, Dionicio Garza, currently an inmate of the Washington County Detention Center, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## BACKGROUND

Plaintiff contends his constitutional rights are being violated because he is being denied adequate medical care. Plaintiff alleges that prior to his incarceration his was "ran over" by a car and suffered injuries to his ankle. He maintains Dr. Karas and Nurse Hinely have: refused to follow his private doctor's orders; refused to send him to a specialist; have left him in severe pain; and have caused him to suffer permanent injury to his ankle. Additionally, in one of his attached medical requests, he mentions that he has a hernia that has gone untreated. Plaintiff makes no allegations in the Complaint (ECF No. 1) or his attachments against Sheriff Helder or Corporal

1

Mulvaney.

**LEGAL STANDARD**

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

**DISCUSSION**

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant (1) acted under color of state law and (2) that he violated a right secured by the Constitution or the laws of the United States. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

"To establish personal liability of supervisory defendants, the plaintiff must allege specific

facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (internal punctuation marks and citation omitted). Here, Plaintiff has alleged no personal involvement on the part of either Sheriff Helder or Corporal Mulvaney. There is no basis for individual liability against these Defendants.

Plaintiff's official capacity claims against Sheriff Helder and Corporal Mulvaney are the equivalent of claims against Washington County. "Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by 'a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *Grayson v. Ross*, 454 F.3d 802, 810-811 (8th Cir. 2006) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Plaintiff has not alleged the existence of any custom or policy of Washington County that was a moving force behind the alleged constitutional violations.

## CONCLUSION

The claims against Sheriff Helder and Corporal Mulvaney are subject to dismissal because they are frivolous and fail to state claims upon which relief may be granted. Therefore, the claims against Sheriff Helder and Corporal Mulvaney are **DISMISSED WITHOUT PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii).

The case will be served on Dr. Karas and Nurse Hinely.

IT IS SO ORDERED this 23rd day of January 2019.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE