IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DIONICIO GARZA                                                     PLAINTIFF

v.                                Civil No. 5:18-cv-05241

DR. KARAS and
NURSE KELLY HINELY                                  DEFENDANTS

**OPINION AND ORDER**

This is a civil rights action filed by the Plaintiff, Dionicio Garza, pursuant to 42 U.S.C. § 1983. He proceeds *in forma pauperis* and *pro se*. Plaintiff is not incarcerated.

On June 14, 2019, Defendants filed a motion to compel (ECF No. 14). Defendants indicate they propounded interrogatories and requests for production, which included a medical authorization, to the Plaintiff on February 13, 2019. On April 8, 2019, Defendants indicate they received the executed medical authorization and 130 pages of material. They did not receive the interrogatory responses. Despite efforts to obtain these responses, Defendants indicate that they have not received them. Defendants ask the Court to compel responses to the interrogatories.

On June 18, 2019, the Court entered an order (ECF No. 18) directing the Plaintiff to respond to the motion to compel by July 9, 2018. Plaintiff has not responded to the motion to compel.

On June 14, 2019, Defendants also filed a motion to dismiss (ECF No. 16) pursuant to Rule 37(d) of the Federal Rules of Civil Procedure based on Plaintiff's failure to appear for his deposition. Defendants indicate that on March 14, 2019, they forwarded a notice of deposition to Plaintiff scheduling his deposition for April 5, 2019. On March 21, 2019, Defendants state they sent Plaintiff a letter requesting his past-due discovery responses. Plaintiff was advised that if he

1

preferred, he could bring his discovery responses to his April 5, 2019, deposition. On March 29, 2019, Defendants forwarded their notice of disclosures to the Plaintiff and reminded him of his April 5, 2019, deposition.

Plaintiff failed to appear for his April 5, 2019, deposition. On April 8, 2019, Defendants' counsel received a letter from the Plaintiff dated March 30, 2019, stating that he had a doctor's appointment on April 5th at 9:45 am and the deposition would need to be rescheduled. Plaintiff also forwarded 130 pages of material including an executed medical authorization. However, his answers to interrogatories were not provided.

On May 28, 2019, Defendants asked for the complete discovery responses and sent Plaintiff a notice of deposition for June 7, 2019. On June 6, 2019, a member of defense counsel's staff contacted Plaintiff by phone to confirm that he would attend the deposition. Plaintiff stated he did not have transportation to get to the deposition. On June 7, 2019, Plaintiff did not appear for his deposition.

On June 18, 2019, the Court entered an order (ECF No. 18) directing the Plaintiff to respond to the motion to dismiss by July 9, 2019. Plaintiff has not responded to the motion to dismiss. In fact, Plaintiff has not contacted the Court, or submitted any documents for filing, since January 24, 2019, when he notified the Court of a change of address.

On July 9, 2019, Defendants filed a second motion to dismiss (ECF No. 19). Defendants ask the Court to grant its motion and dismiss the case with prejudice.

Specifically, Defendants ask the Court to dismiss the action as a sanction pursuant to Rule 37(d) of the Federal Rules of Civil Procedure based on the Plaintiff's failure to appear at his deposition. Rule 37(d)(1)(A) provides "the court . . . on motion, [may] order sanctions if a party

. . . fails after being served with proper notice, to appear for that person's deposition." Pursuant to Rule 37(d)(3), which incorporates the sanctions listed in Rule 37(b)(2)(i-vii), sanctions include "dismissing the action or proceeding in whole or in part." In this case, given the history of the litigation which includes Plaintiff's complete failure to prosecute this action, any sanction lesser than dismissal would provide futile and only involve further delay. *See Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1222 (8th Cir. 1998).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the Court. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Moreover, Plaintiff has failed to monitor and to diligently prosecute the action as required by Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

Accordingly, the Defendants' Motions to Dismiss (ECF Nos. 16 & 19) are **GRANTED.** The case is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 37(d)(1)(A)(3), Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2).

IT IS SO ORDERED this 17th day of July 2019.

/s/ P. K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE